UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| William B. Butler and Mary S. Butler, individually and as representatives for all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Bank of America, N.A.; BAC Home Loans Servicing, LP; and Peterson, Fram & Bergman, P.A.,<br><br>Defendants. | Civil No. 11-461 (DWF/TNL)<br><br><br><br><br>**MEMORANDUM OPINION AND ORDER** |

_____

William B. Butler, Esq., Butler Liberty Law, LLC, counsel for Plaintiffs.

Alan H. Maclin, Esq., and Mark G. Schroeder, Esq., Briggs & Morgan, PA, and Maria B. Green, Esq., and Thomas M. Hefferon, Esq., Goodwin Procter LLP, counsel for Defendants Bank of America, N.A. and BAC Home Loans Servicing, LP.

Jared M. Goerlitz, Esq., and Steven H. Bruns, Esq., Peterson, Fram & Bergman, P.A., counsel for Defendant Peterson, Fram & Bergman, P.A.

_____

## INTRODUCTION

This matter is before the Court on a Motion to Dismiss brought by Defendants Bank of America, N.A. ("BOA") and BAC Homes Loans Servicing, LP ("BAC") (collectively, the "Bank Defendants"), a Motion to Dismiss or, Alternatively, for a More Definite Statement brought by Defendant Peterson, Fram & Bergman, P.A. ("PFB"), and a Motion to Remand to State Court brought by Plaintiffs William B. Butler and Mary S.

Butler. For the reasons set forth below, the Court denies the Butlers' Motion to Remand, grants the Bank Defendants' Motion to Dismiss, and grants PFB's Motion to Dismiss.

## BACKGROUND

The Butlers are Minnesota homeowners who allege that the Defendants assert an invalid and voidable mortgage against the Butlers' home. (Compl. ¶ 1.) The Butlers allege that the Defendants assert "securitized mortgage lien rights" by or through BOA and BOA-related and controlled entities. (*Id.* ¶ 2.) PFB acts as foreclosure counsel for the Bank Defendants and was specifically retained to commence foreclosure by advertisement proceedings against the Butlers. (Doc. No. 14 at 2.)

The Butlers allege that the Defendants do not have actual physical possession of the Butler's Original Note, that the Defendants or their predecessors in interest securitized and sold the Original Note into a pooling and servicing agreement, and that in the process of securitizing the Original Note and Mortgage, the Defendants' predecessors in interest purported to transfer legal title to the Original Note and Mortgage to a separate and distinct legal entity. (*Id.* ¶¶ 8-10.) The Butlers allege that because the Defendants do not have valid, clear legal title to the Original Note, the Defendants cannot assert rights under the Mortgage and specifically cannot remove the Butlers from their home. (*Id.* ¶ 11.) The Butlers also allege that due to the Defendants' actions, the Original Note is not an unconditionally enforceable negotiable instrument and therefore the Defendants cannot assert the right to foreclose on the Mortgage. (*Id.* ¶ 14.)

The Butlers originally commenced this action in Hennepin County District Court on or around January 20, 2011. (Doc. No. 1.) The Complaint alleges sixteen causes of

action:  (I) "The Mortgage are [sic] Invalid and Unenforceable"; (II) Slander of Title; (III) Defendants are Not Holders in Due Course of the Original Notes; (IV) Due Process Violation; (V) Defendants Do Not have Legal Standing to Foreclose Mortgage; (VI) Defendants are not Real Parties in Interest; (VII) Fraud; (VIII) Negligent Misrepresentation; (IX) Unjust Enrichment; (X) Declaratory Judgment—Original Note is Void as Negotiable Instrument; (XI) Equitable Estoppel; (XII) Qui Tam—Private Attorney General Enforcement of Minn. Stat. §§ 357.18, 508.82, 508A.82; (XIII) Third-Party Beneficiary; (XIV) Accounting; (XV) Class Action Assertions; and (XVI) Demand to Exhibit Original Note.  On February 22, 2011, the Bank Defendants removed this action to federal court with the consent of PFB.  The Bank Defendants based removal on diversity jurisdiction under the Class Action Fairness Act ("CAFA") and on diversity jurisdiction under 28 U.S.C. § 1332(a).  (Doc. No. 1.)

On March 1, 2011, PFB filed a Motion to Dismiss, or Alternatively, for a More Definite Statement, and the Bank Defendants filed a Motion to Dismiss.  On June 15, 2011, two days before the scheduled hearing on the Defendants' motions, the Butlers filed a Motion to Remand to State Court.  The Court heard oral arguments on the Defendants' Motions on June 17, 2011.  The Butlers' Motion to Remand has been submitted on the papers.  The Court considers the motions below.

## DISCUSSION

**I.      Motion to Remand**

The Butlers assert that this Court does not have subject-matter jurisdiction.  The Butlers contend that the Bank Defendants failed to offer any proof that the claims meet

3

the statutory requirements of CAFA. The Butlers assert in addition that the Bank Defendants offered nothing in support of their alternative claim of jurisdiction under 28 U.S.C. § 1332(a) other than the bald assertion that PFB is fraudulently joined.

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . to the district court of the United States for the district and division embracing the place where such action is pending." A party opposing removal may bring a motion requesting that the federal court remand the case back to state court. 28 U.S.C. § 1447(c). The district court shall remand the case back to state court if it determines that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c); *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 134 (2005). On a motion to remand, the party seeking removal and opposing remand bears the burden of demonstrating federal jurisdiction. *In re Bus. Men's Assur. Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993). The Court should resolve any doubt as to the propriety of removal in favor of remand. *Id*.

### A. Diversity Jurisdiction Under CAFA

Under CAFA, federal district courts have original jurisdiction over any class action in which (1) the amount in controversy exceeds $5,000,000; (2) any member of a putative class of plaintiffs is a citizen of a state different from any defendant; and (3) the putative class contains at least 100 members. 28 U.S.C. § 1332(d). Here, the Butlers assert that the Bank Defendants failed to offer any evidence that the jurisdictional requirements that the amount in controversy exceeds $5,000,000 and that the putative class contains at least 100 members are satisfied.

4

In support of the Notice of Removal, the Bank Defendants offered the Declaration of Lourdes Duarte, a litigation specialist for BAC. (Doc. No. 2.) Duarte testifies that "[BAC] has researched its servicing system and determined that there are more than 100 loans secured by property in the state of Minnesota that were acquired by Countrywide Bank, FSB, and subsequently acquired by [BOA]." (*Id.* ¶ 3.) Duarte also testifies that "[a]s of February 22, 2011, the records of these loans show that remaining outstanding principle amount owned on loans secured by property in the state of Minnesota, that were acquired by Countrywide Bank, FSB, and subsequently acquired by [BOA] exceeds, $25 million." (*Id.* ¶ 4.)

The Butlers assert that this evidence is irrelevant to the class as defined by the Complaint. The Butlers assert that the Complaint defines the putative class as "all individuals who initiated loans with Countrywide and whose loans were subsequently acquired by BOA." (*See* Compl. ¶ 94.) The Butlers contend therefore that the putative class does not include persons whose original loans were acquired by Countrywide, which was the group analyzed by Duarte.

The Bank Defendants respond that the proof in support of CAFA jurisdiction was adequate since it was based on an understanding of the putative class that was reasonable. In particular, the Bank Defendants assert that the Butlers' loan was initiated by M&I Bank, not Countrywide, and so the class as analyzed includes the Butlers, whereas the class as defined in the Complaint does not. The Bank Defendants also submit a second declaration from Duarte. In this supplemental declaration, Duarte testifies that "as of February 22, 2011, [BAC] was servicing more than 100 loans secured by property in the

5

state of Minnesota that had been made by Countrywide Home Loans, Inc., or Countrywide Bank, F.S.B., or Countrywide Bank, N.A., and that were subsequently acquired by [BOA]" and that the outstanding principal amount on those loans exceeded $25 million. (Doc. No. 45 ¶¶ 3-4.)

The Court finds that the Bank Defendants have offered sufficient evidence that the jurisdictional requirements are met under either definition of the putative class. The Court therefore concludes that it has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d).

### B. Diversity Jurisdiction Under 28 U.S.C. § 1332(a)

The Bank Defendants contend that the Court also has subject matter jurisdiction via the parties' diversity of citizenship because the Butlers fraudulently joined PFB. When a plaintiff has joined a non-diverse party as a defendant in a state case, the defendant may avoid remand to state court (in the absence of a substantial federal question) by demonstrating that the non-diverse party was fraudulently joined. *Wiles v. Capitol Indemnity Corp.*, 280 F.3d 868, 871 (8th Cir. 2002). The Eighth Circuit has defined fraudulent joinder as "the filing of a frivolous or otherwise illegitimate claim against a non-diverse defendant solely to prevent removal." *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 809 (8th Cir. 2003). Joinder is fraudulent when there is no reasonable basis in fact and law supporting a claim against the non-diverse defendant. *Id.* at 810 (8th Cir. 2003).

While the Complaint fails to specify that any claims are being asserted against PFB, in response to PFB's motion, the Butlers claim that they have alleged fraud against

PFB. The Butlers' fraud claim is based on the legal theory that "[b]ecause Plaintiffs' Original Note is not unconditionally enforceable negotiable instruments, [sic] Defendants cannot assert the right to foreclose on the Mortgage." (*See* Compl. ¶ 14.) As will be discussed further below, this legal theory is without any basis in Minnesota law, as the Minnesota Supreme Court made clear in *Jackson v. Mortgage Elec. Registration Sys.*, 770 N.W.2d 487 (2009). Because there is no reasonable basis supporting the Butlers' claim against PFB, the Court concludes that the Butlers' joinder of PFB in this action was fraudulent. Therefore, PFB's citizenship is disregarded in the Court's diversity jurisdiction analysis. Absent PFB, the parties in this action are completely diverse.[1] Thus, the Court concludes that it has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332.

Because the Court has subject matter jurisdiction over this action, the Court denies Plaintiffs' motion to remand.

**II.     Motions to Dismiss**

In deciding a motion to dismiss pursuant to Rule 12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). In doing so, however, a court need not accept as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir.

---

[1]     The Butlers are citizens of Minnesota, while BAC and BOA are citizens of North Carolina for diversity purposes. (Doc. No. 44 at 5.)

1999), or legal conclusions drawn by the pleader from the facts alleged. *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). A court may consider the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint in deciding a motion to dismiss under Rule 12(b)(6). *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id*. at 555. As the United States Supreme Court recently reiterated, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under *Twombly*. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555). In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly*, 550 U.S. at 556.

### A. PFB's Motion to Dismiss

The Complaint fails to identify a single factual allegation of wrongdoing on behalf of PFB. Indeed, PFB is mentioned in just one paragraph, which states in its entirety: "Peterson, Fram & Bergman, P.A. ("PFB") is a law firm with principal offices located at Suite 800, 55 East Fifth Street, St. Paul, Minnesota 55101." (*See* Compl. ¶ 20.) In response to PFB's motion, the Butlers alleged the following:

8

> In the instant case, Plaintiffs have alleged fraud against all of the Defendants, including PFB. Specifically, Plaintiffs allege that PFB falsely represented that its clients were holders in due course and entitled to enforce promissory notes through foreclosure. PFB concedes that it conducted the foreclosures by advertisement, thus it concedes that it made representations regarding the notes and the legal right to foreclose. PFB recorded documents for its clients and drafted notices of foreclosure sale that contained false information and then recorded them. PFB made affirmative fraudulent representations in furtherance of its clients' fraud.

(Doc. No. 19 at 7.)

As stated above and discussed below, this claim depends upon the Butlers' legal theory that only the holder of the note may foreclose on a mortgage. This legal theory is incorrect and the Butlers have therefore failed to state a claim for relief against PFB. Even if, however, the Butlers' "show me the note" defense had not been plainly rejected by the Minnesota Supreme Court in *Jackson*, the Court would still grant PFB's motion to dismiss. The Complaint fails to make a single allegation regarding an act or failure to act on the part of PFB. The Complaint does not even contain the allegation that the Bank Defendants were PFB's clients or the allegation that PFB conducted the foreclosure sale or recorded the related documents. The Complaint thus fails to satisfy the pleading requirements under the Federal Rules of Civil Procedure, not only under Rule 9(b)'s heightened standard governing to the fraud claim, but even under Rule 8's requirement of a short and plain statement showing that the pleader is entitled to relief.

Because it is apparent to the Court that there is no legal or factual basis for a claim against PFB, the Court grants PFB's motion to dismiss.

### B.   Bank Defendants' Motion

Upon careful review of the Complaint, the Court discerns no factual or legal basis for any claim asserted against the Bank Defendants. The Bank Defendants argue that the Complaint should be dismissed because (1) the Butlers lack standing to sue BOA; (2) the Complaint fails to meet basic pleading standards; and (3) each count fails to state a claim for relief.

Although the Complaint asserts sixteen (16) causes of action, the sole wrongdoing alleged is that the Defendants foreclosed on the Butlers' property without the legal authority to do so. In response to the Bank Defendants' motion, the Butlers provided the following statement of their legal theory: "when a mortgagee seeks to dispossess someone of his home, it must be able to show: (1) it is the valid assignee of a properly perfected mortgage; and (2) is entitled to enforce the note." (Doc. No. 20 at 3.) The Butlers then state the following: "Plaintiffs allege that the defendants do not hold the original promissory note. To enforce the original note and the mortgage that secures it, as an initial condition Defendants must have physical possession of the note or otherwise be able to show that they are entitled to enforce it." (*Id.* at 4.)

The Bank Defendants assert that the Butlers' argument that the banks were required to hold the actual note in order to foreclose is wrong under Minnesota law. The Bank Defendants assert that in *Jackson* the Minnesota Supreme Court affirmed the law that the party enforcing the mortgage must be an assignee of the mortgage with a recorded interest but need not have any interest in the promissory note. The Court agrees.

In *Jackson*, the Minnesota Supreme Court answered the following certified question:

> Where an entity, such as defendant MERS, serves as mortgagee of record as nominee for a lender and that lender's successors and assigns and there has been no assignment of the mortgage itself, is an assignment of the ownership of the underlying indebtedness for which the mortgage serves as security an assignment that must be recorded prior to the commencement of a mortgage foreclosure by advertisement under Minn. Stat. ch. 580?

*Jackson v. Mortgage Elec. Registration Sys.*, 770 N.W.2d 487, 493 (2009). The Minnesota Supreme Court reached the following conclusion: "We answer the certified question in the negative, holding that transfers of the underlying indebtedness do not have to be recorded to foreclose a mortgage by advertisement under Minn. Stat. §§ 580.02 and 580.04 (2006)." *Id.* at 489-90.

The Butlers attempt to avoid the conclusion that "show me the note" is not a legal defense to foreclosure by advertisement in Minnesota by characterizing the holding of *Jackson* as "simply that failure to record transfers within the MERS system does not violate Minnesota recording statutes to a degree that would void a foreclosure by advertisement." (Doc. No. 20 at 13.) While such an interpretation of the holding may be possible based solely on the statement of the certified question and the Minnesota Supreme Court's answer, a reading of the opinion can leave no doubt that *Jackson* holds that a mortgagee is not required to have any interest in the promissory note in order to foreclose.

The named plaintiffs in *Jackson* were property owners whose property was in various stages of the foreclosure by advertisement process. *Id.* at 490. Each foreclosure

11

had been instituted on behalf of Mortgage Electronic Registration Systems, Inc. ("MERS"), the mortgagee of record in each case. *Id.* at 490, 492. The plaintiffs had been unable to determine the identity of the owner of their indebtedness, however, and surmised that the original lenders had sold that indebtedness to another party. *Id.* at 492.

In addressing the legal issue raised by the certified question, the Minnesota Supreme Court first analyzed how the MERS system, which separates the note and the mortgage, fits into the framework of Minnesota's real property law. *Id.* at 494. MERS acts as the nominal mortgagee for loans owned by its members and is listed as the mortgagee on local land records when the mortgage is recorded. *Id.* at 490. MERS members then transfer interests in the note to other members without recording assignments of the mortgage. *Id.* The *Jackson* plaintiffs argued that when a MERS member assigns the promissory note, an assignment of the mortgage also occurs by operation of law, and that therefore assignments of the note must be recorded.[2] *Id.* at 497.

The Minnesota Supreme Court rejected this argument. It began by differentiating between ownership of the note, which constitutes equitable title, and record ownership of the mortgage, which is legal title. *Id.* at 497. The Minnesota Supreme Court explained that a mortgagee of record does not lose legal title when that mortgagee transfers interests in the note. *Id.* at 498. In those cases where equitable title and legal title have been

---

[2] Under Minnesota law, foreclosure by advertisement is only permitted where all assignments of the mortgage have been recorded. Minn. Stat. § 580.02; *Jackson*, 770 N.W.2d at 496.

separated, "the power of sale must be exercised in the name of the party who has the legal title to the instrument." *Id.* at 500 (quoting *Burke v. Backus*, 53 N.W. 458, 459 (Minn. 1892)). The Minnesota Supreme Court concluded that "a party can hold legal title to the security instrument without holding an interest in the promissory note" and "any disputes that arise between the mortgagee holding legal title and the assignee of the promissory note holding equitable title do not affect the status of the mortgagor for purpose of foreclosure by advertisement." *Id.* at 500-01.

Here, the Butlers allege that the Bank Defendants have sold their Original Note. (Compl. ¶ 8.) The Butlers do not, however, allege that the Bank Defendants lack record legal title to the Mortgage. To the contrary, documents submitted by the parties establish that the Mortgage was assigned to BAC, that that assignment was recorded, and that the foreclosure sale was then conducted in the name of BAC as record holder of legal title.[3] (*See* Decl. of Maria B. Green ¶ 3, Ex. B (Mortgage) & ¶ 2, Ex. A (Assignment of Mortgage); Aff. of William Butler ¶ 8, Ex. 6 (Notice of Foreclosure and Sherriff's Certificate of Sale.)) Because the Butlers do not allege that the foreclosure proceedings were initiated on behalf of an entity other than the mortgagee holding legal title, they have no standing to assert the various claims in the Complaint attempting to challenge the foreclosure by advertisement process.

---

[3]   The Court may consider the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint in deciding a motion to dismiss under Rule 12(b)(6). *Porous Media Corp.*, 186 F.3d at 1079.

The Court concludes that the claims asserted by the Butlers fail as a matter of law. The Complaint is therefore dismissed with prejudice.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. The Butlers' Motion to Remand to State Court (Doc. No. [38]) is **DENIED**.

2. PFB's Motion to Dismiss (Doc. No. [4]) is **GRANTED**.

3. The Bank Defendants' Motion to Dismiss (Doc. No. [7]) is **GRANTED**.

4. The Complaint (Doc. No. [1]) is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  July 13, 2011                              s/Donovan W. Frank
                                                                  DONOVAN W. FRANK
                                                                  United States District Judge